# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

DORVIS LEE

CRIMINAL

NO. 12-121-BAJ-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on May 24, 2017.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

DORVIS LEE

CRIMINAL

NO. 12-121-BAJ-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion for Reinstatement of Direct Appeal Right Pursuant to 28 U.S.C. § 2255 filed on behalf of Petitioner Dorvis Lee. (R. Doc. 26). The Motion is opposed. *See* R. Doc. 39. Also before the Court is a Motion to Amend filed by Petitioner. (R. Doc. 41).

Petitioner asserts that his counsel failed to advise him of his right to appeal and failed to file an appeal as requested by the petitioner, thereby depriving the petitioner of his right to effective assistance of counsel.[1] There is no need for oral argument or for an evidentiary hearing. The Court finds that the petitioner's motion is untimely.

## Procedural History

On August 9, 2012, Petitioner was charged by indictment with two counts of distribution of cocaine base, each in violation of 21 U.S.C. § 841(a)(1). *See* R. Doc. 1. On October 22, 2012, the petitioner plead guilty. *See* R. Doc. 14. Petitioner was sentenced on March 7, 2013 to imprisonment for a total term of 155 months. *See* R. Docs. 21 and 36. Judgment as to the same was

---
[1] The petitioner has filed a Motion for Leave to Amend Pending Section 2255 (R. Doc. 41), wherein the petitioner seeks to add a claim regarding his sentencing as a career offender. The petitioner argues that the holding in *Johnson v. United States*, 576 U.S. __, 135 S.Ct. 2551 (2015), that the residual clause in the Armed Career Criminal Act of 1984 (ACCA), 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague applies to the identically worded Career Offender provision of the United States Commission, Guidelines Manual § 4B1.2(a)(ii). However, subsequent to the filing of the petitioner's Motion for Leave to Amend (R. Doc. 41), the United States Supreme Court decided *Beckles v. United States*, __ U.S. __, 137 S.Ct. 886 (2017), wherein the Court declined to extend *Johnson* and held that "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause." *Beckles*, 137 S. Ct. at 890. As such, amendment in the instant matter would be futile. The Court notes that a Notice of Dismissal of the petitioner's Motion to Amend (R. Doc. 43) has been filed by the petitioner's former counsel, presumably for the same reason as explained above.

entered on March 20, 2013.  *See* R. Doc. 22.  Petitioner did not file an appeal.  On October 27, 2015, the petitioner filed the instant Motion (R. Doc. 26).

## Applicable Law and Analysis

The general limitations period for seeking habeas corpus relief under § 2255 is one year after the conviction becomes final.  28 U.S .C. § 2255(f)(1).  If the petitioner has not filed a direct appeal, a § 2255 application must be filed within one year after expiration of the 14–day period allowed for the filing of a direct appeal.  *United States v. Plascencia,* 537 F.3d 385, 388 (5th Cir. 2008).  In this case, the Court entered judgment on March 20, 2013.  *See* R. Doc. 22.  Accordingly, the 14–day period for filing a direct appeal elapsed on April 3, 2013.  As a result, the deadline to file a motion pursuant to § 2255 expired one year later on April 3, 2014.  The petitioner did not, however, file his § 2255 motion until October 27, 2015, nearly 19 months after the expiration of the limitations period.  As such, the instant motion is untimely under § 2255(f)(1) and should be dismissed unless another provision applies to the calculation of the appropriate limitations period or unless the petitioner is entitled to equitable tolling of the limitations period herein.

The petitioner does not argue that any other provision applies to the calculation of the appropriate limitations period.  Nor does the record show that he is entitled to equitable tolling of the limitations period.  "The doctrine of equitable tolling preserves a [petitioner's] claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson,* 211 F.3d 927, 930 (5th Cir. 2000) (internal quotation marks omitted).  Because the one-year limitations period established by 28 U.S.C. § 2255(f) is not jurisdictional, it may be subject to equitable tolling in certain instances.  *United States v. Wynn,* 292 F.3d 226, 230 (5th Cir. 2002).  The decision whether to apply equitable tolling, however, turns on the facts and circumstances of each case. *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir. 2000).  A Court may apply equitable tolling only "in rare and exceptional circumstances."  *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998).  *See also*

*Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999) (finding that traditionally, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights"). Equitable tolling under § 2255(f) is not extended to instances of "excusable neglect." *United States v. Kirkham,* 367 F. App'x. 539, 541 (5th Cir. 2010) (quoting *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990)).

The petitioner bears the burden of establishing that equitable tolling is warranted. *See Phillips v. Donnelly,* 216 F.3d 508, 511 (5th Cir. 2000), *modified on rehearing,* 223 F.3d 797 (5th Cir. 2000). In order to satisfy this burden, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" of his § 2255 motion. *Lawrence v. Florida,* 549 U.S. 327, 336 (2007), *quoting Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005).

Equitable tolling is not permissible here because the petitioner did not pursue his rights diligently, and no extraordinary circumstance stood in his way and prevented him from timely filing a § 2255 petition. The record reveals that the petitioner was advised of his right to appeal during sentencing. *See* R. Doc. 36, p. 12-13. A simple inquiry with the clerk of court any time after he was sentenced would have revealed to the petitioner that no appeal had been filed by his attorney. The petitioner does not allege any facts which would support finding that he made any effort at all, much a diligent effort, to pursue his post-conviction rights. As such, no "rare and exceptional circumstances" exist to justify equitable tolling.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although the petitioner has not yet filed a Notice of Appeal herein, the Court may

address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Ruiz v. Quarterman,* 460 F.3d 638, 642 (5th Cir. 2006) (emphasis in original). In the instant case, the Court finds that reasonable jurists would not debate the denial of the petitioner's § 2255 motion or the correctness of the procedural ruling. Accordingly, it is appropriate that, in the event that the petitioner seeks to pursue an appeal in this case, a certificate of appealability be denied.

## RECOMMENDATION

It is recommended that the petitioner's Motion for Reinstatement of Direct Appeal Right Pursuant to 28 U.S.C. § 2255 (R. Doc. 26) be denied and that, in the event that the petitioner seeks to pursue an appeal in this case, a certificate of appealability be denied. It is further recommended that the petitioner's Motion for Leave to Amend (R. Doc. 41) be denied as futile in light of the Supreme Court's decision in *Beckles v. United States*, __ U.S. __, 137 S.Ct. 886 (2017).

Signed in Baton Rouge, Louisiana, on May 24, 2017.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**