UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | |
| DORVIS LEE | NO.: 12-00121-BAJ-RLB |

## RULING AND ORDER

Before the Court is the **Motion for Reinstatement of Direct Appeal Right Pursuant to 28 U.S.C. § 2255 (Doc. 26)** and the **Motion to Amend (Doc. 41)** filed by Dorvis Lee ("Petitioner"). In his motion, Petitioner requests that the Court reinstate his right to appeal his sentence because his trial counsel "failed to advise him of his right to appeal." (Doc. 26 at p. 1). Petitioner's motion is opposed. (Doc. 39).

The Magistrate Judge issued a **Report and Recommendation (Doc. 45)**, recommending that the Court deny Petitioner's motion and any potential request for a certificate of appealability. (Doc. 45 at p. 5). The Magistrate Judge also recommends that the Court deny Petitioner's Motion for Leave to Amend (Doc. 41) as futile in light of the United States Supreme court's decision in *Beckles v. United States*, __ U.S. __, 137 S.Ct. 886 (2017). (*Id.*).

The Report and Recommendation specifically notified Petitioner that, pursuant to 28 U.S.C. § 636(b)(1), he had fourteen (14) days from the date he received the Report and Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. (Doc. 45 at p. 1). Petitioner

1

timely filed objections to the Magistrate Judge's Report and Recommendation. (Doc. 47).[1]

Having carefully considered Petitioner's motion and related filings—including Petitioner's objections—the Court **APPROVES** the Magistrate Judge's Report and Recommendation (Doc. 45) and **ADOPTS** it as the Court's opinion herein.

Accordingly, for the reasons explained in the Magistrate Judge's Report and Recommendation,

**IT IS ORDERED** that Petitioner's **Motion for Reinstatement of Direct Appeal Right Pursuant to 28 U.S.C. § 2255 (Doc. 26)** is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's **Motion to Amend (Doc. 41)** is **DENIED**.

---

[1] In his Objections, Petitioner argues for the first time that the doctrine of equitable tolling is applicable in this case and authorizes relief. (*See* Doc. 47 at p. 1). As stated in the Report and Recommendation, in order to make a showing that equitable tolling is warranted, Petitioner must show that he has been pursuing his rights diligently, and that some extraordinary circumstance prevented him from timely filing his § 2255 motion. (Doc. 45 at p. 4). Petitioner has failed to make an adequate showing to refute findings made by the Magistrate Judge demonstrating that Petitioner is not entitled to relief. Instead, Petitioner makes the same arguments previously addressed by the Magistrate Judge and states that to the extent he was advised of his right to appeal by the Court during his sentencing hearing, he did not understand that right or the associated time limitations. (Doc. 47 at p. 2). However, a transcript of Petitioner's sentencing hearing demonstrates that not only was he advised of his right to appeal his sentence and time limitations associated with that right, but when asked whether he understood his rights, Petitioner responded in the affirmative. (Doc. 36 at pp. 12-13). As such, Petitioner failed to timely appeal his sentence. Further, to the extent counsel for Petitioner failed to remind Petitioner of his right to appeal, such failure would merely amount to excusable neglect, which is insufficient to invoke application of the equitable tolling doctrine. *United States v. Kirkham*, 367 F.App'x. 539, 541 (5th Cir. 2010) (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

2

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because Petitioner has failed to "ma[ke] a substantial showing of the denial of a constitutional right" in accordance with 28 U.S.C. § 2253(c)(2).

Baton Rouge, Louisiana, this 30th day of June, 2017.

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA